UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

———————————————————

SIR ALBERT L. JOHNSON,                          Civil No. 07-4910 (RHK/SRN)

        Petitioner,

    v.                                                                **REPORT AND**
                                                                        **RECOMMENDATION**

U.S. PAROLE COMMISSION,
DUKE TERRELL, Warden of Fed. Med.
Ctr., and U.S. of AMERICA,

        Respondents.

———————————————————

       This matter is before the undersigned United States Magistrate Judge on Petitioner's

application for habeas corpus relief under 28 U.S.C. § 2241.  (Docket No. 1.)  The matter

has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636

and Local Rule 72.1.  For the reasons discussed below, it is recommended that this action

be summarily dismissed pursuant to Rule 4 of The Rules Governing Section 2254 Cases

In The United States District Courts.[1]

## I. BACKGROUND

       Petitioner is a prisoner at the Federal Medical Center in Rochester, Minnesota.  He

is incarcerated pursuant to a 2005 decision of the United States Parole Commission, which

revoked his prior parole status, and required him to serve out the remainder of a previously-

———————————————

      [1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  Although The Rules Governing Section 2254 Cases are most directly applicable to habeas petitions filed by state prisoners pursuant to 28 U.S.C. § 2254, they also may be applied to habeas cases brought under 28 U.S.C. § 2241.  Rule 1(b); Mickelson v. United States, Civil No. 01-1750 (JRT/SRN), (D.Minn. 2002), 2002 WL 31045849 at *2; Bostic v. Carlson, 884 F.2d 1267, 1270, n.1, (9th Cir. 1989); Rothstein v. Pavlick, No. 90 C 5558 (N.D.Ill. 1990), 1990 WL 171789 at *3.

imposed federal prison sentence.  According to a website maintained by the federal Bureau of Prisons, Petitioner is scheduled to be released from prison in 2013.

Petitioner's current § 2241 habeas corpus petition follows an earlier habeas corpus action that he brought in this District – Johnson v. Anderson, Civil No. 07-599 (RHK/SRN), [hereafter "Johnson I"].  In that case, this Court prepared a Report and Recommendation, (R&R), which recommends that all of Petitioner's claims for relief be dismissed on the merits.  (Johnson 1, at Docket No. 14.[2])  That R&R is currently before District Court Judge Richard H. Kyle.

The claims presented in Petitioner's current habeas corpus petition are very similar to the claims that were raised and addressed in Johnson I.  Petitioner is once again claiming that the Parole Commission wrongly revoked his parole, and wrongly determined that he should be incarcerated until the expiration of his original federal prison sentence. However, Petitioner's current claims cannot be entertained here, because his new habeas corpus petition constitutes an abuse of the writ.

## II. DISCUSSION

"The concept of 'abuse of the writ' is founded on the equitable nature of habeas corpus.  Thus, where a prisoner files a petition raising grounds that were available but not relied upon in a prior petition, or engages in other conduct that 'disentitles him to the relief he seeks,' the federal court may dismiss the subsequent petition on the ground that the prisoner has abused the writ."

Kuhlmann v. Wilson, 477 U.S. 436, 444, n. 6 (1986) (plurality opinion) (emphasis added), quoting Sanders v. United States, 373 U.S. 1, 15-17, 17-19 (1963).  See also Phelps v.

---

[2]  The R&R in Johnson I provides additional information about Petitioner's prior criminal cases and parole proceedings.

  
United States Government, 15 F.3d 735, 737-38 (8th Cir.), cert. denied, 511 U.S. 1114 (1994); George v. Perrill, 62 F.3d 333, 334-35 (10th Cir. 1995). "A district court can dismiss as abusive a habeas petition asserting new and different grounds for relief if the grounds were available but not relied on in an earlier petition." Nachtigall v. Class, 48 F.3d 1076, 1079 (8th Cir. 1995) (citations omitted).

A habeas petition that constitutes an abuse of the writ will be entertained by a federal court only if the petitioner is able to show (a) some acceptable "cause" for his failure to raise his new claims, (or properly present his old claims), in his prior habeas petition, and (b) "actual prejudice" that will result if the court fails to consider the claims that he seeks to raise in his new habeas petition. McCleskey v. Zant, 499 U.S. 467, 493-94 (1991); Nachtigall, 48 F.3d at 1079. In the alternative, an abusive petition may be entertained where the petitioner "supplements a constitutional claim with a 'colorable showing of factual innocence.'" McCleskey, 499 U.S. at 495, quoting Kuhlmann, 477 U.S. at 454.[3]

In Phelps, our Court of Appeals upheld the summary dismissal of a federal inmate's third application for relief under 28 U.S.C. § 2241, based on abuse of the writ. The district court had found the inmate's habeas application to be abusive, because the claims that he was attempting to raise could have been presented in an earlier petition. The Eighth Circuit Court of Appeals agreed that the inmate's new request for habeas relief was abusive, and

---

[3]   For federal habeas corpus purposes, a petitioner seeking to establish factual innocence must "'support his allegation of constitutional error with new reliable evidence.'" Pitts v. Norris, 85 F.3d 348, 350-51 (8th Cir.), cert. denied, 519 U.S. 972 (1996), quoting Schlup v. Delo, 513 U.S. 298, 324 (1995) (emphasis added). For purposes of showing factual innocence, "'evidence is new only if it was not available at trial and could not have been discovered earlier through the exercise of due diligence.'" Johnson v. Norris, 170 F.3d 816, 817 (8th Cir. 1999), quoting Armine v. Bowersox, 128 F.3d 1222, 1230 (8th Cir. 1997) (en banc), cert. denied, 523 U.S. 1123 (1998).

held that the district court had properly dismissed it without reaching the merits.  15 F.3d at 738.

Here, as in <u>Phelps</u>, Petitioner is attempting to challenge the duration of his confinement by federal authorities based on claims that were raised, or could have been raised, in a prior § 2241 habeas proceeding – namely <u>Johnson I</u>.  All of the claims and legal theories that Petitioner is attempting to present here were readily available to him in <u>Johnson I</u>.  Thus, the Court finds that Petitioner's current application for habeas corpus relief constitutes an abuse of the writ.

The Court further finds that Petitioner cannot qualify for either the "cause and prejudice" exception, or the "factual innocence" exception, which the Supreme Court recognized in <u>McCleskey</u>.  Petitioner contends that he is presenting new claims here, which are based on a new legal theory involving the Constitution's <u>ex post facto</u> clause.  He further contends that he only recently discovered his new <u>ex post facto</u> arguments.  That argument, however, cannot satisfy the "cause" component of the cause and prejudice exception to the abuse of the writ doctrine.

"'[C]ause' under the cause and prejudice test is something <u>external</u> to the petitioner, something that cannot fairly be attributed to him...; [f]or example, 'a showing that the factual or legal basis for a claim was not reasonably available... or that some interference by officials made compliance impracticable.'"  <u>Coleman v. Thompson</u>, 501 U.S. 722, 753 (1991) (emphasis in original), quoting <u>Murray v. Carrier</u>, 477 U.S. 478, 488 (1986), (cited with approval in <u>McCleskey</u>, 499 U.S. at 494).

"The cause determination turns on 'whether petitioner possessed, or by reasonable means could have obtained, a sufficient basis to allege a claim

in the first petition and pursue the matter through the habeas process.  The requirement of cause in the abuse-of-the-writ context is based on the principle that petitioner must conduct a reasonable and diligent investigation aimed at including all relevant claims and grounds for relief in the first federal habeas petition.'"

Cress v. Palmer, 484 F.3d 844, 852 (6th Cir. 2007), quoting McCleskey, 499 U.S. at 498. "Legal unavailability may be cause excusing procedural bar or abuse of the writ, but the standard is a strict one – the constitutional claim must be 'so novel that its legal basis is not reasonably available to counsel.'"  Heffernan v. Norris, 48 F.3d 331, 333 (8th Cir. 1995), quoting Reed v. Ross, 468 U.S. 1, 16 (1984).

The ex post facto arguments that Petitioner is attempting to present here were fully available to him when he filed his petition in Johnson I.  Petitioner's new arguments are not based on any new facts, any new case law, or any new and previously undiscoverable legal theory.  Indeed, Petitioner has cited nothing other than his own ignorance of the law to explain his failure to raise his current claims for relief in Johnson I.  However, a prisoner's ignorance of the law is not legally sufficient "cause" for purposes of the cause and prejudice exception.  See Stanley v. Lockhart, 941 F.2d 707, 710 (8th Cir. 1991) (habeas petitioner's "pro se status and his limited educational background do not constitute sufficient cause to excuse his procedural default").[4]  Thus, the Court finds that Petitioner's abuse of the writ cannot be excused under the cause and prejudice exception.

---

[4]  Stanley (and some of the other cases cited herein) involved the doctrine of "procedural default," rather than abuse of the writ.  However, the Supreme Court held in McCleskey that the same "cause and prejudice" exception that applies to a procedural default should also apply to an abuse of the writ.  499 U.S. at 493.

Petitioner has also failed to identify any new and previously undiscoverable evidence, which affirmatively proves that he is, in fact, innocent of the offenses that have caused his current confinement.   Thus, he cannot qualify for the "factual innocence" exception to the abuse of the writ doctrine.

## III.  CONCLUSION

In sum, Petitioner's current habeas corpus petition clearly constitutes an abuse of the writ, because the claims that he is attempting to present in this case could have been raised in Johnson I.   Furthermore, Petitioner has not shown sufficient "cause and prejudice," or proof of "factual innocence," to excuse his abuse of the writ.  The Court must therefore recommend that this action be summarily dismissed.

Having determined that this action must be summarily dismissed as an abuse of the writ, the Court will further recommend that Petitioner's "Motion To Proceed In Forma Pauperis And For Appointment Of Counsel," (Docket No. 2), be summarily denied.  See Kruger v. Erickson, 77 F.3d 1071, 1074, n. 3 (8th Cir. 1996) (per curiam) (IFP application should be denied where habeas petition cannot be entertained); Edgington v. Missouri Dept. of Corrections, 52 F.3d 777, 780 (1995) (appointment of counsel should be considered if the claimant has stated a facially cognizable claim for relief).

## IV.  RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1.  Petitioner's application for a writ of habeas corpus, (Docket No. 1), be DENIED;

2. Petitioner's "Motion To Proceed In Forma Pauperis And For Appointment Of

Counsel," (Docket No. 2), be DENIED; and

    3.  This action be DISMISSED WITH PREJUDICE.


Dated: January 3, 2008

                 s/ Susan Richard Nelson
                SUSAN RICHARD NELSON
                United States Magistrate Judge


Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **January 18, 2008** a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Circuit Court of Appeals.